UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMA TASFAY; DESMOND ROLLE,

                              Plaintiffs,

        -against-

MELISSA RAMOS; DEPARTMENT OF
HOMELESS SERVICES; ACACIA,

                              Defendants.

20-CV-5472 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiffs Jama Tasfay and Desmond Rolle, appearing *pro se*, bring this action under the

Court's federal question jurisdiction, alleging that Defendants violated their civil rights. By order

dated August 6, 2020, the Court granted Plaintiffs' request to proceed without prepayment of

fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiffs leave

to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

     The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

     Plaintiffs Jama Tasfay and Desmond Rolle filed this complaint regarding events

occurring on May 31, 2019, at 416 East 138th Street in the Bronx, which appears to be a shelter.

Plaintiffs assert that Defendants participated "in a discriminatory action against our family."

> Without any reason at all and no 48 hour notice, [Defendants] sent 7 DHS police
> to the shelter unit to remove us. They came into the apartment and started packing
> our belongings and that is when I started to record them. The sergeant Nadia
> DiSalvo then slapped my hand to knock my phone down to deter my recording.
> This action violated [Tasfay's] first amendment right. It was all caught on video
> and we called the real police and the ambulance because my hand had a scratch
> and some redness due to her long nails and the slap. Reports were made with both
> of them.

(ECF 3 ¶ III.) Plaintiffs appear to now reside in a shelter in Queens.

Defendant Ramos "defamed [Plaintiffs'] character by describing them as "easily agitated and volatile," and by falsely stating, without offering proof, that Rolle "left threatening voicemails." Plaintiffs suggest that Ramos, who had not previously met Plaintiffs, made these statements based on their race. Plaintiffs allege that DHS security officers usually only come into the shelter to respond to drug use or violence. (*Id.*) Plaintiffs do not specify the nature of the relief they seek.

## DISCUSSION

### A.      Fair Housing Act and 42 U.S.C. § 1983

The Court construes the complaint as asserting a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

The complaint could also be construed as asserting a claim under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A plaintiff proceeding under § 1983 plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

1.   Melissa Ramos

Plaintiffs do not allege facts showing that Ramos violated either the FHA or violated Plaintiffs' constitutional rights so as to give rise to a § 1983 claim.[2] Plaintiffs allege that Ramos was involved in removing them from the shelter, and in calling DHS security officers on them. Plaintiffs allege that because Ramos had not previously met them, she must have acted the way that she did because of their race. But Plaintiffs provide no facts to support that inference.

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[2] Plaintiffs identify Ramos as a DHS employee, and she thus appears to be a state actor for § 1983 liability.

Without any facts indicating that Ramos's actions were racially motivated, the complaint fails to state a claim of discrimination under either the FHA or § 1983. The Court grants Plaintiffs leave to amend their complaint to provide any additional facts to support their claim.[3]

2.     Acacia

Plaintiffs name Acacia as a Defendant, but do not identify who or what Acacia is. Acacia may be a private entity with some connection to the shelter, but the complaint does not contain any allegations against Acacia, or otherwise explain why Acacia is listed as a defendant. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted)).

On these facts, Plaintiffs have failed to allege that Acacia violated the FHA, or violated their constitutional rights, or that Acacia qualifies as a state actor that could be held liable under § 1983. Should Plaintiffs wish to pursue a claim against Acacia, they must provide facts in their amended complaint to support those claims.

3.     Department of Homeless Services (DHS)

The Court must dismiss Plaintiff's claims against DHS because agencies of the City of New York like DHS, are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Ghouneim*

_____

[3] Plaintiffs' assertion that Ramos made false statements about them could give rise to a defamation claim under state law, but not a constitutional claim under § 1983.

*v. DHS*, No. 19-CV-0748, 2019 WL 1207857, at *1 (S.D.N.Y. Mar. 13, 2019), *appeal dismissed*, No. 19-658, 2019 WL4409920 (2d Cir. June 20, 2019).

Plaintiffs may intend to sue the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiffs do not set forth any facts suggesting that a policy, custom, or practice caused their alleged injuries. The Court grants them leave to file an amended complaint to provide any additional facts to support a municipal liability claim.

4.      Sergeant Nadia DiSalvo

Plaintiffs assert that Sergeant DiSalvo violated Tasfay's First Amendment rights. Plaintiffs face two hurdles in pursuing this claim, namely, they must allege that DiSalvo qualifies as a state actor, and that her actions violated the First Amendment.

"Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). The Supreme Court has left open

the question of when, or whether, a private individual is subject to constitutional tort liability based upon state-sanctioned authority to perform police-type functions. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 163 n.14 (1978). Private action may be deemed governmental when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights, *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); where the state compels the act or controls the private actor, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); or when the state delegates a public function to a private entity, *West v. Atkins*, 487 U.S. 42, 55-56 (1988); *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1923 (2019) ("[T]he government must have traditionally and exclusively performed the function."). The purpose of the state action requirement "is to assure that constitutional standards are invoked only when it can be said that the [government] is responsible for the specific conduct of which the plaintiff complains." *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003) (citations omitted).

Generally, private security guards are not state actors under § 1983. *See Bishop v. Toys "R" Us–NY LLC*, 414 F. Supp. 2d 385 (S.D.N.Y. 2006); *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37–38 (E.D.N.Y. 2004) (collecting cases). "[T]he plaintiff must allege that the state was involved with the activity that caused the injury giving rise to the action." *P.P. v. City of New York*, No. 13-CV-5049 (CM), 2014 WL 4704800, at *14 (S.D.N.Y. Sept. 19, 2014).

Although Plaintiffs do not name Sergeant Nadia DiSalvo as a defendant in this action, they assert that she violated their First Amendment rights by slapping one of them on the hand so that the incident would not be recorded. The complaint does not specify exactly who DiSalvo is, but she appears to be a security officer for DHS or the shelter. There is insufficient information in the complaint for the Court to determine whether DiSalvo qualifies as a state actor.

Plaintiffs assert that there is a First Amendment right to record police officers in the performance of their official duties. Although neither the Supreme Court nor the Second Circuit has had occasion to squarely so hold, every circuit to consider the question has "concluded that the First Amendment protects the right to record police officers performing their duties in a public space, subject to reasonable time, place and manner restrictions." *Higginbotham v. City of New York,* 105 F. Supp. 3d 369, 379 (S.D.N.Y. 2015); *see also Gerskovich v. Iocco,* No. 15-CV-7280 (RMB), 2017 WL 3236445, at *8 (S.D.N.Y. July 17, 2017) ("The First, Third, Fifth, Seventh, Ninth, and Eleventh Circuits have found that the First Amendment protects the right to record police activity."). But these circuits have also recognized that such a right may not apply in certain circumstances, for example, "in particularly dangerous situations, if the recording interferes with the police activity, if it is surreptitious, if it is done by the subject of the police activity, or if the police activity is part of an undercover investigation." *Colon v. City of Rochester*, 419 F. Supp.3d 586, 602 (W.D.N.Y. 2019); *Higginbotham,* 105 F. Supp. 3d at 381.

Even if the Court assumes that such a First Amendment right exists, it is not clear that the right would extend to DiSalvo in the context of this case. Should Plaintiffs wish to pursue a claim against DiSalvo, they must name her as a defendant in the complaint and provide any available facts to support their First Amendment claim against her.

B.     **Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because it is not clear whether Plaintiffs can state any federal claims, the Court will determine at a later stage whether to

exercise its supplemental jurisdiction over any state-law claims Plaintiffs may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeon*s, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND

Plaintiffs are granted leave to amend their complaint to detail their claims as discussed in this order. In the statement of claim, Plaintiffs must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, the amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiffs' case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiffs' rights and describe the injuries Plaintiffs suffered; and

f) state what relief Plaintiffs seek from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiffs' amended complaint must tell the Court: who violated their federally protected rights; what facts show that their federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiffs are entitled to relief. Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs wish to maintain must be included in the amended complaint.

**CONCLUSION**

Plaintiffs have consented to receive electronic service (ECF 3 at 9.)

Plaintiffs are granted leave to file an amended complaint that complies with the standards set forth above. Plaintiffs must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-5472 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiffs fail to comply within the time allowed, and they cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    August 12, 2020
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

# AMENDED

# COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
             (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                          State              Zip Code

_____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
| --- | --- | --- |
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.