USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/4/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jama Tasfay, *et al.*,

                Plaintiffs,

-against-

Melissa Ramos, *et al.*,

                Defendants.

20-CV-5472 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

    Plaintiffs, appearing *pro se*, brings this action alleging violations of their constitutional rights. By order dated August 7, 2020, the Court granted Plaintiffs' request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). *See* Dkt. No. 4.

    Because Plaintiffs have been granted permission to proceed IFP, Plaintiffs are entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that a summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding

IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiffs to effect service on Defendants Ramos, Vialet-Rodriguez, Acacia, and DiSalvo through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiffs must notify the Court in writing if their address changes, and the Court may dismiss the action if Plaintiffs fail to do so.

## CONCLUSION

The Clerk of Court is instructed to issues summonses, and complete the USM-285 forms with the addresses, for Defendants Ramos, Vialet-Rodriguez, Acacia, and DiSalvo and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff Tasfay has consented to electronic service. (ECF No. 6.)

SO ORDERED.

Dated: November 4, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

2

## DEFENDANTS AND SERVICE ADDRESSES

1. Melissa Ramos, Program Director
   New York City Department of Homeless Services
   33 Beaver Street
   New York, N.Y. 10004

2. Johani Vialet-Rodriguez, Acacia Director
   115 Henwood Place, 14th Fl.
   Bronx, N.Y. 10453

3. Nadia DiSalvo, DHS Police
   33 Beaver Street
   New York, N.Y. 10004

4. Acacia
   787 East 149th Street
   Bronx, N.Y. 10455