USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jama Tasfay, et al., | |
| Plaintiffs, | 20-CV-5472 (AJN) |
| -v- | ORDER OF SERVICE |
| Melissa Ramos, et al., | |
| Defendants. | |

ALISON J. NATHAN, United States District Judge:

Plaintiffs, appearing *pro se*, brings this action alleging violations of their constitutional rights. By order dated August 7, 2020, the Court granted Plaintiffs' request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

Because Plaintiffs have been granted permission to proceed IFP, Plaintiffs are entitled to rely on the Court and the U.S. Marshals Service (USMS) to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that a summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff

proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiffs to effect service on Defendant Acacia, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for that defendant.[1] The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon that defendant.

## CONCLUSION

The Clerk of Court is instructed to issue a summons, and complete the USM-285 form with the address for Acacia and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff Tasfay has consented to electronic service.  *See* Dkt. No. 6.

SO ORDERED.

Dated:   December 23, 2020
         New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] The USMS's first attempt to serve Acacia at a different address provided by Plaintiffs was not successful.  *See* Dkt. No. 16.

**DEFENDANT AND SERVICE ADDRESS**

Acacia
300 East 175th Street
Bronx, N.Y. 10457