

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jama M. Tasfay,

            Plaintiffs,

–v–

Melissa Ramos, *et al.*,

            Defendants.

20-cv-5472 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

      Plaintiffs Jama M. Tasfay and Desmond Rolle, who are proceeding *pro se*, brought this action against Defendants Acacia Network, Inc., Johani Vialet-Rodriguez (collectively "Acacia Defendants"), Nadia DiSalvo, and Melissa Ramos (collectively "Municipal Defendants"). Plaintiffs allege violations under the Fair Housing Act, 24 U.S.C. § 3601 *et seq*. and violations of their Fourth and First Amendment rights pursuant to 42 U.S.C. § 1983. Presently before the Court is Acacia Defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the motion.

## I. BACKGROUND

      Plaintiffs "resided in a DHS shelter operated by Acacia until they were removed on or about May 31, 2019." Dkt. No. 24 at 6. Plaintiffs allege that they received a paper notification from Ramos on May 30 that they would be removed the next day. Dkt. No. 9, Am. Compl. at 5. The complaint states that "[t]he only reason [Ramos] would take such a foolish action would be to discriminate," and she would have known Plaintiffs' race from the personal info in the Department of Homeless Services' system. *Id.* On May 31, Plaintiffs allege that they were

forcibly removed by DHS police in the presence of Defendant Vialet-Rodriguez (the Acacia Director) and another Acacia employee. *Id*. at 5, 8. During this encounter, the officers "seiz[ed] many of [Plaintiffs'] belongings and h[e]ld them outside the apartment." *Id.* at 5–6. Plaintiffs attempted to record the encounter on their cellphones but DiSalvo "hit [Plaintiff's] hand and caused [the] phone to hit the ground." *Id.* at 6. Plaintiff alleges this resulted in a "scratch and redness." *Id.*

Plaintiffs filed their original complaint on July 15, 2020 alleging violations under the Fair Housing Act, 24 U.S.C. § 3601 *et seq*. and violations of their Fourth and First Amendment rights pursuant to 42 U.S.C. § 1983. Dkt. No. 3. They then filed an amended complaint on October 6, 2020, Dkt. No. 9, pursuant to this Court's September 2, 2020 order, Dkt. No. 8. Plaintiffs seek damages in the amount of $4 million. Am. Compl. at 6. Acacia Defendants moved to dismiss the amended complaint pursuant to Rule 12(b)(6) on February 2, 2021. Dkt. No. 21. Plaintiffs filed their opposition on March 2, Dkt. No. 31, and Defendants filed a reply in support on March 22. Dkt. No. 37.[1]

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff is not required to provide "detailed factual allegations" in the complaint. *Twombly*, 550 U.S. at 555. To survive a 12(b)(6) motion, however, a plaintiff must nonetheless assert "more than labels and

---

[1] The Municipal Defendants have also filed a motion to dismiss, which is fully briefed. Dkt. No. 40, 45, 50. The Court does not address the motion at this time and will rule on the motion in due course.

conclusions." *Id.* Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* When applying this standard, a Court must accept the allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

When a plaintiff is proceeding *pro se*, the Court holds the pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Boddie v. Schneider*, 105 F.3d 857, 860 (2d Cir. 1997) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). That is, the Court will liberally construe the complaint. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). Notwithstanding this, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Kirk v. Heppt*, 532 F. Supp. 2d 586, 590 (S.D.N.Y. 2008) (cleaned up). If a *pro se* plaintiff has not pled sufficient facts to state a claim that is plausible on its face, the Court must dismiss his complaint. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

**III. DISCUSSION**

Defendants first urge this Court to dismiss Plaintiffs' FHA claims because the amended complaint fails to "allege any facts suggesting that they were discriminated against because of their race." Dkt. No. 24 at 10. The FHA makes it unlawful "[to] discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72–73 (2d Cir. 2021); *see also* 42 U.S.C. § 3604(b). Because Plaintiffs do not allege direct evidence of discrimination, the *McDonnell Douglas* burden-shifting framework

3

applies. *Francis*, 992 F.3d at 73. Accordingly, Plaintiffs must plausibly allege that they: "(1) [are] member[s] of a protected class, (2) suffered an adverse . . . action, and [3] ha[ve] at least minimal support for the proposition that the [housing provider] was motivated by discriminatory intent."

Even liberally construing the allegations in the complaint, the Court agrees that Plaintiffs have failed to plead sufficient facts to support the proposition that Defendants were motivated by discriminatory intent. The amended complaint merely alleges that "the only reason [Defendant Ramos] would take such a foolish action would be to discriminate." Am. Compl. at 5. It further asserts such an inference is reasonable because Defendant Ramos knew Plaintiffs' race from their DHS files. *Id.* First, the complaint fails to allege any discriminatory intent on the part of the Acacia Defendants. And second, conclusory allegations are insufficient to state a claim of discrimination under the FHA. *See Francis*, 992 F.3d at 72–73 (dismissing complaint alleging violations of FHA that lacked even "minimal support for the proposition that the [defendants] were motivated by discriminatory intent"). Thus, even under the "less stringent standard" accorded to *pro se* pleadings, the complaint fails to sufficiently allege discrimination in violation of FHA. The Court accordingly dismisses this claim against Acacia Defendants.[2]

Plaintiffs also assert claims pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983 ("Section 1983"), Plaintiff must show that he was denied a constitutional or federal statutory right and that the deprivation of that right occurred under color of state law." *Favourite v. 55 Halsey Street, Inc.*, 381 F. Supp. 3d 266, 282 (S.D.N.Y. 2019). Defendants first argue that the § 1983 claim against Acacia Network, Inc. must be dismissed because Acacia is

---

[2] Because the Court dismisses the FHA claim on this basis, it need not address Defendants' further arguments that the claim is barred by *res judicata* and Plaintiffs fail to allege that an Acacia employee took any action prohibited by FHA. *See* Dkt. No. 24 at 9–10.

not a "person" within the meaning of § 1983. Dkt. No. 24 at 12–13. Defendants' only support for this assertion is a citation to *Sams v. New York State Board of Parole*, 352 F. Supp. 296, 299 (S.D.N.Y. 1972). *Sams* concluded that a state-created, public benefit corporation performing a governmental function is not a "person" under section 1983. *Id.* at 299 (relying on *Monroe v. Pape*, 365 U.S. 167 (1961), *overruled by Monell v. Dept. of Social Services*, 436 U.S. 658, 663 (1978)). Defendants provide no explanation for why *Sams* would be applicable to Acacia Network, apparently leaving the task to the Court. From the face of the complaint, Acacia appears to be a corporate entity working in conjunction with a municipality, the New York City Department of Homeless Services. Municipalities and municipal corporations may be sued for damages as "persons" under § 1983. *Monell v. Dept. of Social Services*, 436 U.S. 658, 669, 690–91 (1978). Accordingly, the Court concludes that on the present record and at this stage, the Court cannot conclude that Acacia is not a "person" for purposes of § 1983.

Plaintiffs also assert a § 1983 claim for damages against the Acacia Director, Johani Vialet-Rodriguez because she "was present" when DHS police removed Plaintiffs from the shelter. Am. Compl. at 8. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). But "mere knowledge and acquiescence to unconstitutional conduct, or mere failure to act on a complaint, without more" is insufficient to demonstrate this requirement. *Hawthorne by Hawthorne v. Cty. of Putnam*, 492 F. Supp. 3d 281, 294 (S.D.N.Y. 2020) (cleaned up). Even taking the allegations in the complaint as true and construing them liberally, an allegation that Defendant was merely present at the scene "without more" fails to state a claim under § 1983. *See id*. Accordingly, the Court grants Defendants' motion to dismiss as to Defendant Vialet-Rodriguez.

Finally, Defendants cursorily raise that the Court should dismiss the § 1983 claims against both Defendants because the "actions about which Plaintiffs complain fall well short of constituting a deprivation of Plaintiffs' First or Fourth Amendment rights." Dkt. No. 24 at 13 n.2. They assert this in a footnote without any supporting authority (let alone argument). It is "well settled that a court need not consider arguments relegated to footnotes." *See Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, No. 11 Civ. 1529(KMW), 2014 WL 684831, at *2 n.2 (S.D.N.Y. Feb. 21, 2014) (cleaned up) (collecting cases). The Court declines to do so here.

**IV. CONCLUSION**

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court dismisses Defendant Vialet-Rodriguez as a defendant, dismisses the FHA claims, and denies the motion to dismiss the § 1983 claim as to Defendant Acacia. This resolves Dkt. No. 21.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this memorandum opinion and order to Plaintiffs and note its mailing on the docket.

SO ORDERED.

Dated: September 28, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge