UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMA M. TASFAY and DESMOND ROLLE,

                           Plaintiffs,

                -v-

MELISSA RAMOS, *et al.*,

                           Defendants.

20 Civ. 5472 (PAE) (JLC)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

      This case involves claims of discrimination against two persons removed from a homeless shelter by government officials. In July 2020, plaintiffs Jama Tasfay and Desmond Rolle, proceeding *pro se*, brought this action against Acacia Network, Inc. ("Acacia") and Johani Vialet-Rodriguez (collectively, "Acacia Defendants"), and Nadia DiSalvo and Melissa Ramos (collectively, "Municipal Defendants"), alleging violations under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*, and of their First and Fourth Amendment rights under 42 U.S.C. § 1983. In a decision issued in September 2021, the Hon. Alison J. Nathan, then-United States District Judge, to whom this matter was originally assigned, dismissed all claims against the Municipal Defendants and all claims under the FHA, leaving standing only those against Acacia under Section 1983. Dkt. 55.

      On December 15, 2021, Acacia moved for judgment on the pleadings on the surviving claims. Dkt. 64. On June 29, 2022, the Hon. James L. Cott, United States Magistrate Judge, issued a Report and Recommendation, recommending that the motion for judgment on the pleadings be granted. Dkt. 74 ("Report"). On July 11, 2022, plaintiffs filed a memorandum

setting forth objections to the Report. Dkt. 75 ("Objections"). On July 25, 2022, Acacia filed an opposition. Dkt. 76.

For the following reasons, the Court adopts the Report in its entirety.

## I. Background

### A. Factual Background

The Court adopts the Report's account of the facts and procedural history. The following summary captures the limited facts necessary to assess the issues presented.[1]

Plaintiffs allege the following. Until May 30, 2019, they resided in a Department of Homeland Security ("DHS") shelter owned by Acacia, a not-for-profit corporation. AC at 5, 8. On May 30, 2019, plaintiffs received a letter from Municipal Defendant Ramos, informing them of their forthcoming removal from the shelter with "no reasons provided." *Id.* On or about May 30, 2019, in the presence of Acacia Defendant Vialet-Rodriguez and an unnamed Acacia case manager, seven DHS police officers removed plaintiffs. *Id.*

Plaintiffs allege multiple violations under Section 1983 in connection with their removal. First, the removal reflected racial discrimination, in that the Municipal Defendants allegedly singled out plaintiffs for removal based on their race. *Id.* at 5. Second, DHS violated their Fourth Amendment rights, by "siezing [sic] many of [plaintiffs'] belongings and holding them outside the apartment." *Id.* at 5–6. Third, Municipal Defendant DiSalvo violated their First Amendment rights when he attempted to stop plaintiffs from recording the events on a cell phone

---

[1] The summary is drawn from the Amended Complaint. Dkt. 9 ("AC"). For the purposes of resolving the instant motion for judgment on the pleadings, which the Court treats as a motion to dismiss for the reasons explained *infra*, the Court presumes all well-pleaded facts to be true and draws all reasonable inferences in favor of the plaintiff. *See Koch v. Christie's Int'l*, 699 F.3d 141, 145 (2d Cir. 2012).

2

by "hit[ting plaintiffs'] hand and caus[ing the] phone to hit the ground."[2] *Id.* at 6. One plaintiff claims that during his or her removal, DiSalvo's "long nails" caused a "scratch and redness" on his or her person, resulting in allegedly receiving an "ice pack by the paramedics."[3] *Id.* at 8.

### B. Procedural History

#### 1. Plaintiffs' Claims and Acacia's Motion for Judgment on the Pleadings

On July 15, 2020, plaintiffs filed a complaint, bringing claims under the FHA and Section 1983. Dkt. 3. On October 6, 2020, plaintiffs timely filed the AC, Dkt. 9, correcting, as the Court had ordered, deficiencies in the initial pleading, Dkt. 5. On February 2, 2021, Acacia moved to dismiss the AC under Federal Rule of Civil Procedure 12(b)(6). Dkt. 21. On March 2, 2021, plaintiffs filed an opposition. Dkt. 31. On March 22, 2021, defendants filed a reply. Dkt. 37. On April 20, 2021, the Municipal Defendants moved to dismiss under Rule 12(b)(6). Dkt. 40. On May 18, 2021, plaintiffs filed their opposition. Dkt. 45. On June 14, 2021, defendants filed their reply. Dkt. 50.

On September 28, 2021, Judge Nathan dismissed the FHA claims and the claims against Acacia Defendant Vialet-Rodriguez but denied the motion to dismiss the Section 1983 claim against Acacia. Dkt. 55.

On October 26, 2021, Acacia filed an answer to the AC. Dkt. 60. On December 15, 2021, Acacia filed its motion for judgment on the pleadings, Dkt. 64, a memorandum of law, Dkt. 65, a declaration, Dkt. 66, and a notice to plaintiffs that Acacia's motion could be converted

---

[2] The AC is variously written in the first-person singular and first-person plural, leaving unclear which plaintiff was allegedly struck by DiSalvo on the hand to "deter . . . recording" on a cell phone. AC at 6.

[3] The AC does not specify which of the two plaintiffs was allegedly injured in this way during removal. *See id.* ("I was given an ice pack by the paramedics.").

3

into one for summary judgment, Dkt, 67. On January 31, 2022, plaintiffs filed a response to Acacia's answer.[4] Dkt. 71. On April 10, 2022, this matter was reassigned from Judge Nathan to this Court. Dkt. 72.

### 2. The Report and Recommendation

On June 29, 2022, Judge Cott issued the Report. Dkt. 74. It recommends that the Court convert Acacia's motion for judgment on the pleadings into one for summary judgment, and grant summary judgment to Acacia on the surviving claims, under Section 1983.

As to conversion of the motion, the Report concludes, plaintiffs had proper notice of the possibility of conversion and reasonable opportunity to present pertinent material to the Court. Report at 6. Acacia unequivocally noticed plaintiffs of the possibility of conversion in writing on December 15, 2021. *Id.* at 7[5]; *see* Dkt. 67. And given this notice, plaintiffs had the opportunity to submit additional materials to the Court. Report at 7. As the Report recognizes, the conversion of the motion permitted the Court to consider exhibits attached to Acacia's motion that would not have been cognizable on a motion for judgment on the pleadings. *Id.* at 6–7.

The Report recommends that the summary judgment motion be granted, on two grounds.

First, the Report finds, plaintiffs have failed to demonstrate that Acacia is a state actor. Acacia had demonstrated through an uncontroverted declaration that it "is not owned, operated, or controlled by any governmental entity nor created by statute or local law," and therefore, the

---

[4] Plaintiffs did not formally file opposition papers to Acacia's original motion, *see* Dkt. 69, but instead filed a document entitled "Plaintiff's [sic] Respons[e] to Defendants' Answer to the Verified Complaint," Dkt. 71. As did Judge Cott for the purposes of his Report, this Court construes this filing as responding to the motion for judgment on the pleadings.

[5] The Report erroneously states the date of notice as December 25, 2021. Report at 7. However, the docket reports the date as December 15, 2021. *See* Dkt. 67.

4

Report noted, its actions could be attributable to the state only if (1) Acacia "act[ed] pursuant to the coercive power of the state or [was] controlled by the state"; (2) the state "provide[d] significant encouragement to" Acacia, Acacia was a "willful participant in joint activity with the state," or Acacia's functions were "entwined with state policies"; or (3) the state had "delegated a public function" to Acacia. *Id.* at 9–10 (citation and internal quotation marks omitted). But, the Report notes, measuring the pleadings against these three tests—the "compulsion test," the "joint action" test, and the "public function" test—the AC had not pled facts to make Acacia a state actor under any. *Id.* at 11. The Report notes that plaintiffs

> have not pleaded any facts alluding to a relationship between DHS and Acacia that would satisfy any of the [three tests]. For example, plaintiffs have not alleged that Acacia has received funding from the government, nor have they alleged that in running the shelter Acacia in some way answers to the government. Merely pleading that Acacia owns the shelter is insufficient as a matter of law to make a claim under Section 1983.

*Id.* (citations omitted).

Second, the Report finds, even if plaintiffs could show that Acacia had been a state actor, the AC does not plead a cognizable claim against it. *Id.* at 11–13. That is because the AC alleges only that Acacia owned the shelter and that its employees were present during the removal (per DHS and the Municipal Defendants) of plaintiffs. Beyond that, the AC does not allege that Acacia played any role in the conduct plaintiffs challenge: their removal from the shelter, the seizure of their property, or the filming of them. *Id.*

## II.   Discussion

### A.   Applicable Legal Standards

#### 1.   Reports and Recommendations

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. U.P.S.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, a district court will review the Report and Recommendation strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of *pro se* plaintiffs. *See Dickerson*, 2013 WL 3199094, at *1; *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

### 2. Motions Under Rule 12(c)

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion under Rule 12(b)(6). *Ades & Berg Grp. Invs. v. Breeden (In re Ades & Berg Grp. Invs.)*, 550 F.3d 240, 243 n.4 (2d Cir. 2008) (citing *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)); *see also U.S. Life Ins. Co. v. Blum*, No. 09 Civ. 9416, 2011 U.S. Dist. LEXIS 1531, at *10 (S.D.N.Y. Jan. 3, 2011). The court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008). To survive a motion for judgment on the pleadings, the complaint must contain factual allegations amounting to "more than an unadorned,

6

the-defendant-unlawfully-harmed me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), such that those allegations, when accepted as true, "state a claim for relief that is *plausible on its face*," *S. Cherry St. LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (emphasis in original).[6]

However, the rule that "a court must accept as true all of the allegations contained in a complaint" is "inapplicable to legal conclusions," even where, as here, the plaintiffs proceed *pro se*. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). And, in deciding a motion for judgment on the pleadings, the Court may consider "the complaint, the answer, [and] any written document attached to them . . . ." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009); *see also L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).

### B. Application

Plaintiffs do not object to the Report's recommendations that (1) Acacia's motion for judgment on the pleadings be converted to a motion to dismiss; and (2) plaintiffs have not pled a cognizable claim against Acacia, even assuming it was a state actor. Accordingly, the Court has reviewed those conclusions only for clear error. The Court's careful review of Judge Cott's well-reasoned analysis reveals no facial error in either.

Plaintiffs make two objections to the Report: that (1) they met their burden to show that Acacia is a state actor for purposes of their Section 1983 claim; and (2) due to bias and incompetence, Judge Cott should be disqualified from this matter.

---

[6] As to all motions, a court must construe a *pro se* plaintiff's pleadings liberally. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008)).

Although plaintiffs' objections are largely conclusory and the first reprises an argument already considered and rejected by Judge Cott—and although the Report's uncontested finding that plaintiffs have not pled a cognizable claim against Acacia would require entry of judgment for Acacia regardless—the Court, in an excess of caution, reviews those aspects of the Report *de novo*. The Court takes each of plaintiffs' objections in turn.

### 1. Plaintiffs' Burden to Establish That Acacia Was a State Actor

As the Report recognized, a private actor may be deemed to act under color of law to permit liability under Section 1983 in certain well-established circumstances. "For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the state,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the state,' ('the public function test')." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quotation and alterations omitted).

The AC failed this standard for the reasons articulated in the Report. The AC relied on the allegations that Acacia had advance knowledge that DHS officials would remove plaintiffs from the shelter and that two employees of Acacia were present during their removal by DHS. *See* AC at 9. But "mere knowledge and acquiescence to unconstitutional conduct, or mere failure to act on a complaint, without more, fails to state a claim under Section 1983." *Hawthorne by Hawthorne v. Cnty. of Putnam*, No. 19 Civ. 742 (NSR), 2020 WL 5946989, at *5 (S.D.N.Y. Oct. 6, 2020) (citation and internal quotation marks omitted). And lacking from the AC were any allegations that Acacia had taken action pursuant to the coercive power of the state,

8

that it was controlled by the state, that it undertook joint action with the state such that Acacia's actions "may be fairly treated as that of the State itself," *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974), or that Acacia operated as a "willful participant in joint activity with the State or its agents," *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (quotation omitted). Nor did the AC allege that Acacia had been delegated a public function by the state. *Loce v. Time Warner Ent. Advance/Newhouse P'ship*, 191 F.3d 256, 267 (2d Cir. 1999). The Report therefore was correct to treat Acacia's conduct, as pled, not to qualify as state action under Section 1983 under *Sybalski*.

Plaintiffs' objections do not alter this analysis. Plaintiffs there state that Acacia "has received billions in funding from the City of New York." Objections at 2. A factual allegation first made in an objection to a Report and Recommendation, however, cannot cure a deficient pleading, even where such is made by a *pro se* party. *See Carl v. Dirie*, No. 9 Civ. 724 (GTS) (RFT), 2010 WL 3338568, at *3–4 (N.D.N.Y. Aug. 24, 2010) (dismissing *pro se* complaint where plaintiff attempted to assert a substantive due process claim in his objections, but "the factual allegations in the Complaint do not plausibly suggest a substantive due process claim"). And even if this new allegation were cognizable, a private entity does not become a state actor for purposes of Section 1983 merely based on its "creation, funding, licensing, or regulation by the government." *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003). Rather, "there must be such a close nexus between the [s]tate and the challenged action" that the state is "responsible for the specific conduct of which the plaintiff complains." *Id.* at 111 (internal quotation marks omitted). The AC lacks any such allegation. In any event, as noted, even if Acacia were satisfactorily pled to be a state actor, the failure of the AC to plead a cognizable claim would defeat its Section 1983 claims against Acacia.

## 2. Plaintiffs' Attacks on the Judiciary

In their objections, plaintiffs train their fire on Judge Cott personally, stating that he "has written an extremely biased" Report based on "his biased nature," "possibly poor recollection," and "corruption." Objections at 2–3. They state that "[b]efore writing something so idiotic and making a fool of himself," Judge Cott "could have even done a quick [G]oogle search to verify his statements." *Id.* at 2. As a remedy, plaintiffs request that "Judge Englemayer [sic]" be "the only one giving his thoughts and opinions on the case." *Id.* at 3.

Plaintiffs' screeds have no place in this litigation or this Court. These insults, which are largely unintelligible, do not add anything to plaintiffs' claims. They disrespect the laudable and significant work that Judge Cott and the staff of this Court have done to give plaintiffs' claims a fair reading. Plaintiffs' salvos at the professionals working at this Court merit condemnation. They do not provide any basis to reject any part of Judge Cott's characteristically thorough, well-reasoned, and unbiased Report.

As to the request for the disqualification of Judge Cott, *id.* at 3, it is denied. Recusal is warranted only where "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted). "[T]he public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions." *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148–51 (S.D.N.Y. 2012), *objections overruled sub nom. Moore v. Publicis Groupe SA & MSL Grp.*, 11 Civ. 1279 (ALC) (AJP), 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012). Plaintiffs have not alleged any facts remotely indicative of bias or incompetence on Judge Cott's part. Justice does not mandate recusal in this matter. Quite the opposite: Had this case survived the motion for

10

judgment on the pleadings, the interests of justice would have been advanced by Judge Cott's continuing his excellent service on this case.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Cott's June 29, 2022 Report and Recommendation in its entirety. Acacia's motion for judgment on the pleadings is granted.

The Clerk of Court is respectfully directed to terminate all pending motions, to mail a copy of this order to plaintiffs at their address of record, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 10, 2022
New York, New York

11